IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-467-WYD-PAC

ECHOSTAR SATELLITE, L.L.C., a Colorado limited liability corporation, f/k/a ECHOSTAR SATELLITE CORPORATION,

     Plaintiff,

v.

CHANNEL ONE TV, INC., upon information and belief a California corporation,

     Defendant.

---

**ORDER**

---

**I.     INTRODUCTION**

THIS MATTER is before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (# 11), filed August 23, 2005.  Plaintiff seeks to dismiss Defendant's breach of contract counterclaim and argues that Defendant has failed to state a claim upon which relief can be granted. Defendant failed to respond to this motion.

For the reasons stated below, Plaintiff's Motion to Dismiss Defendant's Counterclaim Pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted. Accordingly, Defendant's counterclaim is dismissed with prejudice.

**II.    STANDARD OF REVIEW**

Plaintiff's Motion to Dismiss was filed under Rule 12(b)(6).  In construing the motion to dismiss, the court "'must accept all the well-pleaded allegations of the

complaint as true and construe them in the light most favorable to the plaintiff.'" *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 U.S. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). "A complaint may be dismissed pursuant to FED. R. CIV. P. 12(b)(6) only 'if the plaintiff can prove no set of facts to support a claim for relief.'" *Id.* (quoting *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995)).

If, accepting all well-pleaded allegations as true and drawing all reasonable references in favor of plaintiff, it appears beyond doubt that no set of facts entitle plaintiff to relief, then the court should grant a motion to dismiss. *See Tri-Crown, Inc. v. Am. Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir. 1990).

I note that "a district court may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response' . . . . This is consistent with the purpose of Rule 12(b)(6) motions as the purpose of such motions is to test 'the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true.'" *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal citations omitted).[1]

### III.   ANALYSIS

On or about November 4, 2003, Channel One and EchoStar entered into an International Affiliation Agreement ("Agreement"). Def.'s Answer to Compl. with

---

[1] The Court carefully examined Defendant's Counterclaim, the Agreement between the parties, and Plaintiff's Motion to Dismiss Defendant's Counterclaim Pursuant to Federal Rule of Civil Procedure 12(b)(6). While the Court construed the allegations of the counterclaim in the light most favorable to Defendant, it was difficult to ascertain the arguments that Defendant would have made to Plaintiff's motion without a response from Defendant.

Affirmative Defenses and Countercl. ¶ 24.  As Plaintiff states, "Pursuant to the Agreement Channel One was to provide its Channel One T.V. Farsi language television Programming ("Programming") to EchoStar.  In turn, EchoStar was to broadcast the Programming on the DISH Network per the terms and conditions of the Agreement."  Pl.'s Mot. to Dismiss Def.'s Countercl. 1.  As the basis for its counterclaim, Defendant claims that at the time of the performance of the Agreement,

> it became apparent to Channel One that EchoStar had not performed conditions precedent which would give rise to Channel One to cease its transmissions on its existing GlobeCast Telstar 5 satellite.  These failures to perform conditions precedent include, but are not limited to: First, the failure of EchoStar to broadcast Channel One on a free or open channel, Second, the failure of EchoStar to provide adequate assurances that it had undertaken that marketing campaign necessary as provided in the Agreement, Third, the failure of EchoStar to provide adequate subscribers to the EchoStar network for Channel One programming, Fourth, the changing by EchoStar from "dish network" subscription to "Super Dish" subscription for Channel One programing, Fifth, the failure of EchoStar to confirm that Channel One was contained in package subscriptions offered to EchoStar subscribers in various areas Channel One transmissions were received.

Def.'s Answer to Compl. with Affirmative Defenses and Countercl. ¶ 25.  Plaintiff states that Defendant's "breach of contract Counterclaim, even when taken as true, fails to support a cognizable legal claim for breach of contract and must be dismissed."  Pl.'s Mot. to Dismiss Def.'s Countercl. 1.  Specifically, Plaintiff claims that "[t]he actions Channel One claims that EchoStar did in breach of the Agreement include failing to perform five 'conditions precedent,' all of which are either not express conditions precedent under the Agreement and/or the Agreement expressly provides EchoStar

-3-

with the right to take such actions." Pl.'s Mot. to Dismiss Def.'s Countercl. 1.

"It has long been the law in Colorado that a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract . . . ; (2) performance by the plaintiff or some justification for nonperformance . . . ; (3) failure to perform the contract by the defendant . . .; and (4) resulting damages to the plaintiff. . . ." *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (citations omitted).

Defendant has pled the first two elements of a breach of contract claim—i.e., that a contract existed and that there was an alleged justification for Defendant's nonperformance of that contract. As to the second element, Defendant states, "In light of the failure of EchoStar to perform the conditions precedent it was a financial impossibility for Channel One to cease transmission on the existing GlobeCast Telstar 5 satellite." Def.'s Answer to Compl. with Affirmative Defenses and Countercl. ¶ 26. Defendant has also pled the final element of damages, stating that Echostar's failure to perform has "resulted in injury." Def.'s Answer to Compl. with Affirmative Defenses and Countercl. ¶ 27. Specifically, Defendant alleges that its subscribers and advertisers have questioned its commitment to programming standards and expressed reservations about continuing to use Channel One to reach their market, that its advertisers' reservations will cause Channel One to suffer diminished revenue, and that its audience will be significantly diminished due to Echostar's lack of target marketing and advertising in the Persian community. Def.'s Answer to Compl. with Affirmative Defenses and Countercl. ¶¶ 27–29.

The real issue is whether Defendant has sufficiently pled the third necessary element of a breach of contract claim—i.e., that Plaintiff failed to perform the contract. Defendant alleges that Plaintiff failed to perform at least five conditions precedent required by the Agreement. Plaintiff, however, claims that "[a] review of the Agreement evidences that each and every one of the 'conditions precedent' that EchoStar allegedly did not perform, as well as the allegation that EchoStar misappropriated Channel One's logo, were either not obligations of EchoStar and/or EchoStar was expressly granted the right to act accordingly."  Pl.'s Mot. to Dismiss Def.'s Countercl. 5. I note that I may consider the Agreement between the parties, which was attached to Plaintiff's motion as Exhibit 1, in reviewing Plaintiff's Motion to Dismiss. "In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). While the Agreement was filed under seal, Plaintiff's motion, which quotes from and refers to the Agreement, was not filed under seal.

I also note that the Agreement contains an integration and modification clause. Agreement, Ex. 1, § 12.8 (attached to Pl.'s Mot. to Dismiss Def.'s Countercl.). Such clauses "generally allow contracting parties to limit future contractual disputes to issues relating to the express provisions of the contract." *Nelson v. Elway*, 908 P.2d 102, 107 (Colo. 1995). As such, I view the Agreement as representing the final and complete agreement between the parties.

Notwithstanding the fact that I must accept all the well-pleaded allegations of the

counterclaim as true and construe them in the light most favorable to Defendant, I find that Defendant has not shown that Plaintiff failed to perform the contract and, as such, cannot maintain its breach of contract claim. I agree with Plaintiff that the conditions cited by Defendant are either not conditions of the Agreement or were actually permitted by the Agreement.

As to the first alleged condition precedent involving broadcasting on a "free or open channel," Plaintiff states, "The Agreement did not obligate EchoStar to broadcast the Programming on a 'free or open channel.'" Pl.'s Mot. to Dismiss Def.'s Countercl. 5. Plaintiff further states, "Requiring EchoStar to provide the Programming on a free or open channel is contrary to the underlying purpose of the Agreement, to make revenue. EchoStar's alleged failure to broadcast the Programming on a free or open channel, even if true, cannot result in a breach of the Agreement." Pl.'s Mot. to Dismiss Def.'s Countercl. 5. The Agreement does not state that programming must be broadcast on a free or open channel, and I agree with Plaintiff that even if Plaintiff failed to do so, such failure cannot result in failure to perform the contract.

As to the second alleged condition precedent involving Echostar's failure to provide adequate assurances that it had undertaken a marketing campaign, I find that this was not required by the Agreement. The Agreement simply states that EchoStar was to perform its marketing commitment by expending $50,000 to "market and promote the Programming Service in a substantially similar manner as it markets and promotes other special interest or international programming services . . . ." Agreement, Ex.1, § 7.3; *see* Agreement, Ex. A, § 13. The Agreement did not require

EchoStar to provide adequate assurances; therefore, a failure to provide adequate assurances could not constitute Plaintiff's failure to perform the contract.

As to the third alleged condition precedent involving failure to provide adequate subscribers, I also find that this was not required by the Agreement. The Agreement actually states that Defendant was to "migrate" its customers to DISH Network. Agreement, Ex. A, § 3. The Agreement also disclaims liability for any projections or forecasts. Agreement, Ex. 1, § 12.2. Again, this failure even if true, cannot constitute failure to perform by Plaintiff.

As to the fourth alleged condition precedent involving changing programing from DISH Network to Super Dish, the Agreement permitted EchoStar to "offer a la carte subscriptions to the Programming Service or bundle the sale of the Programming Service with any other programming package that is now, or may be in the future, offered by EchoStar." Agreement, Ex.1, § 4.2.3. As such, I do not find that changing the programing to Super Dish constitutes a failure to perform.

As to the fifth alleged condition precedent involving EchoStar's failure to confirm that Programming was contained in "packaged subscriptions" offered to subscribers in various areas, I, again, find this was not a requirement of the Agreement. As quoted above, the Agreement permitted EchoStar to "offer a la carte subscriptions to the Programming Service or bundle the sale of the Programming Service with any other programming package that is now, or may be in the future, offered by EchoStar." Agreement, Ex.1, § 4.2.3. Again, this is not a failure to perform the contract.

Finally, regarding the alleged wrongful appropriation of the Channel One logo by EchoStar through displaying it on EchoStar transmissions (Def.'s Answer to Compl. with Affirmative Defenses and Countercl. ¶ 30), I find that the Agreement expressly permits EchoStar to use the Channel One trademark for marketing purposes. Agreement, Ex.1, § 7.3. Because the agreement allows EchoStar to use Defendant's trademark, use of the logo cannot constitute a failure to perform.

## IV.    CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion to Dismiss Defendant's Counterclaim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (# 11), filed August 23, 2005 is **GRANTED**. It is

FURTHER ORDERED that Defendant's breach of contract counterclaim is **DISMISSED WITH PREJUDICE**.

Dated:  March 24, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge