IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00467-WYD-PAC

ECHOSTAR SATELLITE L.L.C.,
a Colorado limited liability company,
f/k/a ECHOSTAR SATELLITE CORPORATION,

      Plaintiff,

v.

CHANNEL ONE TV, INC.,
A California Corporation,

      Defendant.
_____

**ORDER**
_____

I.      <u>INTRODUCTION</u>

      THIS MATTER is before the Court on Plaintiff EchoStar Satellite L.L.C.'s

("EchoStar") Motion for Summary Judgment, filed on March 6, 2006.  EchoStar's Motion

seeks summary judgment on a breach of contract claim and request for permanent

injunction against Defendant Channel One TV ("Channel One").  EchoStar asserts that,

as a matter of undisputed fact, Channel One materially breached its Affiliation

Agreement with EchoStar, thereby causing it harm.  Channel One has not filed a

response to the Motion.  For the reasons stated below, EchoStar's Motion for Summary

Judgment is granted.

II.     <u>ECHOSTAR'S MOTION FOR SUMMARY JUDGMENT</u>

      A.     <u>STANDARD OF REVIEW</u>

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

B.   BACKGROUND

A party attempting to recover on a breach of contract claim must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). In the case at hand, EchoStar argues that Channel One cannot show the existence of an issue of material fact regarding any of the elements of the breach of contract claim, thereby making summary judgment proper in the instant case.

By way of background, this case concerns a dispute about an agreement

between EchoStar and Channel One regarding the distribution of already existing television programming.  These two parties entered into an Affiliation Agreement ("Agreement") on or about November 4, 2003, in which Channel One agreed to provide Channel One Farsi Programming (an already existing Farsi-language television channel) to EchoStar, which was to broadcast the Programming on the DISH Network. (Compl. ¶ 11.)   Under this Agreement, Channel One granted EchoStar the exclusive license and right to broadcast the Farsi Programming.  (Compl. ¶ 12.)  In return, Channel One agreed to cease distributing the Farsi Programming to subscribers already receiving the service, as offered via GlobeCast's Telstar 5 satellite by January 31, 2004.  (Comp. ¶ 14.)  Exhibit A to the Affiliation Agreement, Section 3 states in part:

> Network [Channel One] shall not be in breach of the exclusivity provision contained in this Agreement, if Network distributes the Channel One TV channel to subscribers receiving the Programming Service as offered on the Telstar 5 satellite ("Current Service") (provided that such subscribers shall be limited to those subscribers that are in existence as of the Effective Date) . . . until January 31, 2004 . . . For clarity, the parties agree and acknowledge that notwithstanding anything to the contrary contained in this Agreement, in no event will Network broadcast the Channel One TV channel on the Current Service [GlobeCast's Telstar 5] after January 31, 2004.

(Pl.'s Ex.1 at 15.)  After the January 31, 2004 deadline passed, EchoStar granted Channel One three extensions allowing it to continue to distribute the Farsi Programming via the satellite until September 30, 2004, which was the termination date of the final extension.  (Compl. ¶ 16.)

Per the Agreement, both EchoStar and Channel One were required to satisfy a $50,000 marketing commitment.  (Pl.'s Ex. 1 at 16.)  EchoStar was to market and promote the Farsi Programming in a substantially similar manner as it markets and

-3-

promotes other special interest or international programming services.  (Pl.'s Mot.

Summ. J. ¶ 7.)  Channel One was to use its best efforts to market and promote the

Programming to prospective EchoStar service subscribers.  (Pl.'s Mot. Summ. J. ¶ 7.)

EchoStar spent $55,000 in marketing the Farsi Programming as required under the

agreement by purchasing advertisements in prominent Iranian-American newspapers,

Farsi websites and on Radio Sedaye; creating and distributing email messages and

newspaper postings; attending promotional events throughout the country; providing

retailers with Farsi marketing materials, developing flyers, posters, questionnaires and

brochures; conducting outbound campaigns; and hiring a Persian marketing

coordinator to assist with the Farsi market.  (Pl.'s Mot. Summ. J. ¶ 10.)

　　　After conducting this marketing campaign, EchoStar launched the Farsi

Programming and offered it to DISH Network subscribers both a la carte and in bundled

packages.  (Pl.'s Mot. Summ. J. ¶ 11.)  However, Channel One breached the

Agreement by failing to cease distributing the Farsi Programming on the GlobeCast's

Telstar 5 satellite or satisfy its $50,000 marketing commitment.  (Pl.'s Mot. Summ. J. ¶¶

16, 18.)  In response, on December 17, 2004, EchoStar's counsel sent Channel One a

Notice of Claim and a Demand to Cease and Desist letter demanding compliance by

December 31, 2004.  (Pl.'s Mot. Summ. J. ¶ 15.)  Channel One continued to distribute

the Farsi Programming after that date and continues to do so to the present date.  (Pl.'s

Mot. Summ. J. ¶¶ 16-17.)  Channel One's failures to fulfill its obligations under the

Agreement caused EchoStar to suffer damages including lost revenue, lost subscriber

sales of programming and hardware, increased bandwidth costs and loss of bandwidth,

in addition to other costs associated with providing DISH Network services and general

litigation costs.  (Pl.'s Mot. Summ. J. ¶ 21.)

     C.   <u>ANALYSIS</u>

     Turning to my findings, I deem it necessary to set forth the pertinent procedural

background.  Channel One filed an answer to EchoStar's Complaint on August 3, 2005,

including affirmative defenses and a counterclaim for breach of contract, which this

Court dismissed with prejudice on March 24, 2006.  (See generally, Order [# 33].)  On

February 15, 2006, this Court granted Frank P. Moffitt's Motion to Withdraw as Attorney

of Record for Channel One.  Since that time, no other attorney has entered an

appearance on behalf of Channel One, and EchoStar has served all filings on Amir

Homayoun, a representative of Channel One.   Furthermore, neither Channel One nor

anyone acting on its behalf has filed a response to EchoStar's Motion for Summary

Judgment.

     "Unanswered requests for admissions are deemed admitted."  *Bergemann v.

United States*, 820 F.2d 1117, 1119 (10th Cir. 1987).  Pursuant to Rule 36(a) of the

Federal Rules of Civil Procedure, "[t]he matter is admitted unless, within 30 days after

service of the request...the party to whom the request is directed serves upon the party

requesting the admission a written answer or objection addressed to the matter, signed

by the party or by the party's attorney."  Fed. R. Civ. P. 36(a).  "Any matter admitted

under this rule is conclusively established unless the court on motion permits the

withdrawal or amendment of the admission."  Fed. R. Civ. P. 36(b).  "For purposes of a

summary judgment motion the requests for admissions which have been 'deemed'

admitted should be accepted as uncontroverted facts." *United States v. Worden*, No. 03-4143-SAC, 2004 WL 2030286, at *2 (D. Kan. 2004) (citing *Kansas City Cable Partners v. Espy*, 250 F. Supp.2d 1296, 1299-1300 (D. Kan. 2003)).  Finally, even though the nonmoving party has failed to respond to the motion, the Court must still determine whether the moving party has demonstrated the absence of any triable issue of fact and entitlement to judgment as a matter of law.  *Van Leeuwan v. Nuzzi*, 810 F. Supp. 1120, 1121-22 (Colo. 1993) (citing 10A Charles A. Wright, et al., Federal Practice and Procedure § 2739 at 523-29 (1983)).

In the case at hand, Channel One did not file a response to EchoStar's Motion for Summary Judgment within 30 days of its filing; indeed, Channel One has yet to file a response to this day, nearly seven months after EchoStar filed its Motion.  Under the Federal Rules of Civil Procedure and the case authority cited above, this Court deems that the facts alleged in EchoStar's Motion for Summary Judgment have been conclusively established by EchoStar and admitted by Channel One.  Therefore, this Court finds that the facts alleged in EchoStar's Motion for Summary Judgment are uncontroverted, leaving no question of material fact regarding the breach of contract claim in the instant case.

D.   EFFECT OF GRANTING SUMMARY JUDGMENT

EchoStar claims that it is entitled to a permanent injunction requiring Channel One to comply with the Affiliation Agreement and immediately cease broadcasting on GlobeCast's TelStar 5 Satellite.  I agree.  For a party to obtain a permanent injunction, it must prove: "(1) actual success on the merits; (2) irreparable harm unless the

injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued will not adversely affect the public interest." *Fischer v. Oklahoma Health Care Auth.*, 335 F.3d 1175, 1180 (10th Cir. 2003) (citations omitted).

As I previously stated, the evidence shows that Echostar will succeed on the merits for its breach of contract claim.  The evidence further establishes that EchoStar will continue to suffer irreparable harm unless an injunction is issued and Channel One ceases its distribution of Farsi Programming on GlobeCast's TelStar 5 Satellite.  (Pl.'s Mot. Summ. J. at 6.)  EchoStar states that its damages are difficult, if not impossible to calculate.  (Pl.'s Mot. Summ. J. at 6.)  Further, EchoStar "has lost the opportunity to distribute a unique product, and has suffered a diminishment of its competitive position in the subscription television industry."  (Pl.'s Mot. Summ. J. at 15.)  As such, the evidence set forth in the motion for summary judgment established that the threatened injury to EchoStar outweighs the harm that an injunction would cause Channel One. Finally, I find no evidence that an injunction would adversely affect the public interest. Accordingly, I find that EchoStar should be granted a permanent injunction requiring Channel One to comply with the Affiliation Agreement and cease broadcasting on GlobeCast.

III.    ECHOSTAR'S MOTION FOR POST-ANSWER DEFAULT JUDGMENT

On August 31, 2006, EchoStar filed its Motion for Post-Answer Default Judgment.  Entry of default judgment is committed to the sound discretion of the district court.  *Creative Tile Marketing, Inc. v. SCIS Intern., S.r.L.*, 922 F. Supp. 1534 (S.D. Fla.

1996).  A defendant's failure to answer a complaint can be construed as willful indifference to this Court's authority, and a reasonable basis for entry of default judgment under Rule 55 of the Federal Rules of Civil Procedure.  *Hunt v. Kling Motor Co.*, 841 F. Supp. 1098 (D. Kan. 1993).  In the case at hand, Defendant Channel One filed its Answer to Complaint with Affirmative Defenses and Counterclaim on August 3, 2005.  Further, Channel One actively participated in this case through its counsel until I granted counsel's withdrawal from representation on February 14, 2006.  Therefore, I do not find that an entry of default judgment is appropriate.  Accordingly, the motion should be denied.

IV.    CONCLUSION

Based upon the foregoing, it is

ORDERED that Plaintiff EchoStar's Motion for Summary Judgment [# 28], filed March 6, 2006, is **GRANTED**.  It is

FURTHER ORDERED that a **PERMANENT INJUNCTION** be entered against Defendant Channel One to comply with the Affiliation Agreement and cease broadcasting on GlobeCast.  It is

FURTHER ORDERED that Plaintiff EchoStar's Motion for Post-Answer Default Judgment [# 37], filed August 31, 2006, is **DENIED**.

Dated:  January 2, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge