IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-00467-WYD-PAC

ECHOSTAR SATELLITE L.L.C.,
a Colorado limited liability company,
f/k/a ECHOSTAR SATELLITE CORPORATION,

      Plaintiff,

v.

CHANNEL ONE TV, INC.,
A California Corporation,

      Defendant.

_____

**ORDER**
_____

      THIS MATTER is before the Court on Plaintiff EchoStar Satellite L.L.C.'s Motion for Costs, Expenses, and Reasonable Attorney Fees [# 40], filed on January 18, 2007. By way of background, Plaintiff's motion was filed after I granted Plaintiff's Motion for Summary Judgment on January 2, 2007.  Plaintiff's motion asserts that attorney fees are appropriate pursuant to the parties Affiliation Agreement which awards cost, expenses and reasonable attorney fees to the prevailing party in any action to enforce or interpret the agreement.  Plaintiffs have requested a total of $77,192.50 as the fair and reasonable amount of attorney fees and $17,304.45 in total costs and expenses in litigating this matter.  Additionally, Plaintiff submitted detailed affidavits in support of its motion.  It should be noted that the Defendant never responded to Plaintiff's motion.

      I first address the law concerning the reasonableness of fees and then provide

my recommendation.  The first issue to address, according to the Supreme Court in

*Hensley v. Eckerhart*, 461 U.S. 424 (1983), is whether the plaintiff was a prevailing

party.  Plaintiff is a prevailing party where he "succeed[s] on any significant issue in

litigation which achieves some of the benefit the part[y] sought in bringing suit."  *Id.* at

433.  Where the plaintiff was a prevailing party, the Court then turns to the

reasonableness of the attorney fees sought.  "The most useful starting point for

determining the amount of a reasonable fee is the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate."  *Id.*  "This calculation

provides an objective basis on which to make an initial estimate of the value of a

lawyer's services."  *Id.*

      To determine the reasonableness of a fee request, a court must begin by

calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the

presumption that this lodestar amount reflects a 'reasonable' fee.  *Robinson v. City of

Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quotations omitted); *see also United

Phosphurus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000)

(when attorneys fees are awarded, courts often calculate the "lodestar amount," which

is the reasonable number of hours spent on the case times a reasonable hourly rate).

"The lodestar calculation is the product of the number of attorney hours 'reasonably

expended' and a 'reasonable hourly rate.'"  *Robinson*, 160 F.3d at 1281 (quotation

omitted).  "A district court should approach this reasonableness inquiry 'much as a

senior partner in a private law firm would review the reports of subordinate attorneys

when billing clients.'"  *Id.* (quoting *Ramos v. Lamm*, 713 F.2d 545, 555 (10th Cir. 1983)).

"However, '[t]he record ought to assure [the appellate court] that the district court did not eyeball the fee request and cut it down by an arbitrary percentage.'" *Id.* (quotation and internal quotation marks omitted).

The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433.  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."  *Id.*; *see also Robinson*, 160 F.3d at 1281 ("a district court may discount requested attorney hours if the attorney fails to keep 'meticulous, contemporaneous time records' that reveal 'all hours for which compensation is requested and how those hours were allotted to specific tasks'") (quoting *Ramos v. Lamm*, 713 F.2d 545, 555 (10th Cir. 1983)).  "The district court also should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id.* at 434 (quotation omitted).  Counsel are expected to exercise their "billing judgment", "mak[ing] a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434, 437.  "The *Ramos* court suggested that among the factors to be considered were (1) whether the tasks being billed 'would normally be billed to a paying client,' (2) the number of hours spent on each task, (3) 'the complexity of the case,' (4) 'the number of reasonable strategies pursued,' (5) 'the responses necessitated by the maneuvering of the other side,' and (6) 'potential duplication of services' by multiple lawyers. *Roberts*, 160 F.3d at 1281 (quoting *Ramos*, 761 F.2d at 554).  "In this analysis, [the court should] ask what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances." *Id.*  The Tenth Circuit in *Brown v. Phillips*

*Petroleum Co.*, 838 F.2d 451 (10th Cir.), *cert. denied,* 488 U.S. 822 (1988), also

articulated the factors the Court must consider in determining the reasonableness of

attorneys fees sought:

> To determine reasonableness, federal courts have relied
> heavily on the factors articulated by the Fifth Circuit in
> *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714
> (5th Cir. 1974) in calculating and reviewing attorneys' fees
> awards.... Because these factors measure the attorney's
> contributions, they are also appropriate in setting and
> reviewing percentage fee awards in common fund cases.
> The *Johnson* factors are: (1) the time and labor involved; (2)
> the novelty and difficulty of the questions; (3) the skill
> requisite to perform the legal services properly; (4) the
> preclusion of other employment by the attorney due to
> acceptance of the case; (5) the customary fee; (6) any
> prearranged fee -- this is helpful but not determinative; (7)
> time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained; (9) the
> experience, reputation and ability of the attorneys; (10) the
> undesirability of the case; (11) the nature and length of the
> professional relationship with the client; and (12) awards in
> similar cases.

*Id.* at 454-55.  It is rare that all the factors are met. *Uselton v. Commercial Lovelace*

*Motor Freight, Inc.*, 9 F.3d 849, 853 (10th Cir. 1993).

After reviewing Plaintiff's motion and supporting documentation, I find that

Plaintiff's request for attorney fees and expenses is reasonable under the controlling

law.  Accordingly, it is

ORDERED that Plaintiff EchoStar Satellite L.L.C.'s Motion for Costs, Expenses,

and Reasonable Attorney Fees [# 40] is **GRANTED**.  It is

FURTHER ORDERED that Plaintiff is awarded attorney fees in the amount of

$77,192.50.  It is

FURTHER ORDERED that Plaintiff is awarded costs and expenses in the amount of $17,304.45.

Dated:  February 21, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge